UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANDREW ANTOINE

VERSUS

JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY, ET AL

CIVIL ACTION

NO. 10-31-JJB

**RULING ON MOTION TO DISMISS**

This matter is before the court on a motion to dismiss by defendants Janet Napolitano and Jennifer Pugh for insufficient service of process and failure to state a claim. Plaintiff has filed an opposition to the 12(b)(5) motion; defendant has filed a reply brief. Jurisdiction is based upon 28 U.S.C. § 1331.

Plaintiff ("Antoine") alleges that the defendants violated Title VII of the Civil Rights Act of 1964 by discriminating against him on the basis of his sex, race, and age.

Defendants move to dismiss on grounds that the plaintiff did not properly serve the Attorney General. Additionally, defendants argue that the plaintiff cannot establish good cause for the improper service in accordance with Fed. Rule Civ. P. 4(m).

Defendants also move to dismiss the claim against Pugh because she is not a proper defendant in a Title VII action.

Antoine responds by contending that he served the Attorney General by federal express mail. He further argues that he can establish good cause even if federal express mail was not a sufficient means of service. Plaintiff does not oppose the motion to dismiss Pugh for failure to state a claim.

1

If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action unless the plaintiff shows good cause for the failure. Fed. Rule Civ. P. 4(m). To serve a United States officer or employee, a party must serve a copy of the summons and the complaint to both the United States and the employee. Fed. Rule Civ. P. 4(i)(2)-(3). To properly serve the United States, a party must deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney office. Fed. Rule Civ. P. 4(i)(1)(A)(i)(ii). The serving party must also send a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States. Fed. Rule. Civ. P. 4(i)(1)(B).

When service of process is challenged, the serving party bears the burden of proving good cause for failure to effect timely service. *System Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. *Id.* Additionally, the party must make a showing of good faith and establish a reasonable basis for noncompliance. *Id.*

In *Bell Atlantic Corp. v. Trombley*, 550 U.S. 544, 545 (2007), the Supreme Court set forth the current standard of pleading that a plaintiff must meet in order to state a claim on which relief may be granted. While factual allegations made by a plaintiff need not be detailed, they must be sufficient to raise the right to relief above the level of speculation. *Id.* The proper defendant in a Title VII action is the head of the department or agency. 42 U.S.C. § 2000(e)-16.

Plaintiff filed this civil action on January 12, 2010. On April 30, 2010, this court notified the plaintiff that there was no proof in the record that he properly served the defendants. The

court warned the plaintiff that it would dismiss the suit if he failed to perfect service and file proof of service by May 12, 2010. On April 28, plaintiff served Pugh and the United States Attorney for the Middle District of Louisiana by certified mail, and on May 3, he served Napolitano by certified mail. On May 11, plaintiff served the Attorney General by federal express mail.

Defendants contend that service by federal express mail was insufficient because Fed. Rule Civ. P. (4)(i)(1)(B) requires service by "registered or certified" mail."

In response, the plaintiff asserts that dismissal of the civil action because of such a minor error would have an unnecessarily harsh effect. The court agrees that dismissal under the circumstances of the case would be unduly harsh.

Because defendant Pugh is not the head of the Department of Homeland Security, she is not a proper defendant in a Title VII action. The court finds that plaintiff has no cause of action against Pugh under 42 U.S.C. § 2000(e)-16.

Accordingly, the motion to dismiss for insufficient service of process is hereby DENIED. Plaintiff is afforded 30 days to perfect service of process upon the Attorney General. The motion to dismiss defendant Pugh for failure to state a claim is hereby GRANTED.

Signed in Baton Rouge, Louisiana, the first day of July, 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3